780 F.2d 1021
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
WILLIAM GARRETT, Defendant-Appellant
v.
UNITED STATES OF AMERICA, Plaintiff-Appellee
 84-1631
 United States Court of Appeals, Sixth Circuit.
 11/18/85
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: ENGEL and KRUPANSKY, Circuit Judges; and GIBBONS[1], District Judge.
 PER CURIAM.
 
 
 1
 Defendant William Garrett (Garrett) appealed his jury conviction for the mailing of threatening communications with intent to extort, in violation of 18 U.S.C. Sec. 876.
 
 
 2
 In May of 1983, Garrett reported to his insurance company, Prudential Property and Casualty Insurance (Prudential), damage to his home resulting from a hail storm. During an inspection of the home by Prudential adjuster Charles Svalya (Svalya), Garrett threatened him with a gun and took his driver's license. He also told Svalya that he had threatened an agent named Kenneth Tesch (Tesch) who had previously denied another of his insurance claims. Svalya did not file a complaint against Garrett.
 
 
 3
 At the end of July, 1983, Svalya received an envelope at his home containing photographs, newsclippings and writing of a threatening nature. He also received a threatening telephone call on his answering machine from Garrett.
 
 
 4
 Garrett was arrested by the FBI and despite his denial of possession of a firearm, he was found to possess a .30 caliber rifle. At the trial, the district court admitted testimony of other prior and subsequent criminal acts of Garrett.
 
 
 5
 Garrett argued that the admission into evidence of a series of criminal acts allegedly committed by him both prior and subsequent to the offense charged in the indictment constituted reversible error. Further, Garrett argued that the jury was improperly instructed as to intent and the terms 'to extort' and 'thing of value', and that the evidence was insufficient to support the verdict.
 
 
 6
 During a pretrial hearing it was brought to the attention of the court that Garrett had experienced prior settlement problems both with Allstate Insurance Company[2] and Prudential. In January of 1983, Prudential rejected a property damage claim filed by Garrett as fraudulent. Tesch, a Prudential agent, had conducted the investigation of that rejected claim. Tesch subsequently received two telephone calls from an individual who identified himself as Garrett. The second call threatened him and the caller stated, 'If I dno't get mine, I promise you I kill one of them.'
 
 
 7
 The trial judge limited the evidence concerning the previous claim filed with Prudential to its denial prior to the filing of the instant claim, that Tesch had conducted the investigation of the claim, and that threatening telephone calls had been received by Tesch. The trial judge excluded any reference to the fraudulent character of Garrett's previous claim. The court reasoned that pursuant to Federal Rules of Evidence 401[3] and 402,[4] the prior and subsequent acts were relevant as probative of motive, intent, and an animus toward Prudential resulting from the denial of the first claim. Further, the court stated that Garrett's prior acts were not excluded by Rule 404(b),[5] because they were inextricably intertwined with the evidence of the crime charged, and Rule 404(b) applies only to extrinsic acts. In United States v. Costra, 691 F.2d 1358 (11th Cir. 1982), the court found that Rule 404(b) would not be applicable if the evidence at issue 'formed an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted.' Id. at 1361. Accord United States v. Torres, 685 F.2d 921, 924-25 (5th Cir. 1982); United States v. Alman, 592 F.2d 881, 884-86 (5th Cir. 1979). In other words, intrinsic evidence 'necessary to provide coherence to the government's case' is not the type of 'other acts' contemplated by Rule 404(b). Torres, 685 F.2d at 924. As the Sixth Circuit stated in United States v. Roberts, 548 F.2d 665, 667 (6th Cir. 1977), 'The jury is entitled to know the setting of a case. It cannot be expected to make its decision in a void--without knowledge of the time, place and circumstances of the acts which form the basis of the charge.' Because Garrett's prior and subsequent acts were intrinsic to a complete understanding of the facts in the instant case, this court concludes that the trial judge did not abuse his discretion in admitting the evidence.
 
 
 8
 Garrett's argument that the jury instructions were improper and misleading is not persuasive. Garrett alleged that the instructions impermissibly amended the indictment. The record discloses, however, that the judge respondent to the jury's query by expanding the definitions of 'extort' and 'thing of value' in an attempt to apply the broad language of the statute to the instant situation of the grant of an insurance claim for which no specific monetary value had been attached. Under the two-pronged test delineated in United States v. Kelly, 722 F.2d 873, 876 (1st Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 1425 (1984), the defendant must make a convincing showing that the alleged amendments to an indictment did in fact change the elements of the offense charged, and that the defendant was convicted of a crime not charged in the indictment. Garrett has failed to carry the burden of establishing such an effect, or demonstrating that the supplemental instructions amounted to plain error. In view of the foregoing, and this court's determination that sufficient evidence was presented to support the verdict, this case is AFFIRMED.
 
 
 
 [1]
 Hon. Julia S. Gibbons, U.S. District Court, Western District of Tennessee, sitting by designation
 
 
 [2]
 Initially the government had sought to introduce evidence that Garrett had followed and threatened an Allstate Insurance Company employee for two weeks. Shortly after this episode, Allstate paid approximately $19,000 to Garrett. The government withdrew this evidence at a pretrial hearing due to its remoteness in time and the fact that the Allstate incident was not specifically related to the Prudential claims in the instant case
 
 
 [3]
 Federal Rule of Evidence 401 reads as follows:
 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
 
 
 [4]
 Federal Rule of Evidence 402 provides:
 All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.
 
 
 [5]
 Federal Rule of Evidence 404(b) states:
 Other crimes, wrongs, or acts. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.